UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTON THETFORD,<br><br>    Petitioner,<br><br>    v.<br><br>RON DAVIS, Warden,<br><br>    Respondent. | Case No. 17-cv-00092-HSG (PR)<br><br>**ORDER OF DISMISSAL** |

**INTRODUCTION**

Dexton Thetford, an inmate at San Quentin State Prison, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge the Board of Parole Hearings ("BPH") decision finding him not suitable for parole. For the reasons discussed below, the petition will be dismissed.

**BACKGROUND**

Thetford was received in the California Department of Corrections and Rehabilitation in January 1989 after a conviction for first degree murder (Cal. Penal Code § 187). He is currently serving a sentence of 25 years to life in prison for the offense.

A parole hearing was conducted for Thetford on December 3, 2015. At the conclusion of the hearing, the BPH panel found him not suitable for parole. The BPH also determined that the denial of parole would be a three-year denial, meaning that Thetford will not have a regularly scheduled parole suitability hearing for three years after the December 3, 2015 parole hearing.

Thetford filed habeas petitions in state court to challenge the BPH's decision. The Los Angeles County Superior Court and the California Court of Appeal denied his petitions, and the California Supreme Court denied review. Thetford then filed this action.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, Thetford alleges that the BPH violated his due process rights by relying on a rules violation report ("RVR") from 2013, charging him with misconduct in prison. Thetford alleges that the RVR had been dismissed, making it improper for the BPH to consider the RVR in determining parole suitability.

However, the Supreme Court has made clear that a prisoner's federal due process claim regarding a denial of parole is limited to whether he received the minimum procedures necessary under the federal constitution. *Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011) (per curiam). Specifically, this Court's inquiry is limited to whether Thetford was given an opportunity to be heard, and given a statement of reasons for the denial. *Id.*, citing *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 16 (1979). Thetford does not dispute that he received those two procedural protections (and the record before this court plainly shows that he did receive them). Accordingly, Thetford's allegations fail to state a cognizable claim for federal habeas relief. *See id.*

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## CONCLUSION

The petition for writ of habeas corpus is dismissed. Petitioner's in forma pauperis applications are GRANTED. (Docket Nos. 2, 5.) The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: 3/31/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge

3